Exhibit A

4

## COMMONWEALTH OF MASSACHUSETTS

Hampden ss.

Superior Court Department
Of the Trial Court
Civil Action No.  23  0014

MICHAEL S. OSTROWSKI,

Plaintiff

v.

WILLIAM F. OSTROWSKI,

Defendant

COMPLAINT
[JURY TRIAL DEMANDED]

HAMPDEN COUNTY
SUPERIOR COURT
FILED

JAN 18 2023

CLERK OF COURTS

### INTRODUCTION

This is an action by which plaintiff Michael S. Ostrowski claims he was wrongly deprived, including by conduct constituting elder abuse, of his one-third interest on a cooperative apartment purchased by his mother, Jane Ostrowski, for which Michael S. Ostrowski paid his mother $33,000, and seeks either compensation for the interest of which he was deprived or equitable relief in the form of voiding an assignment of that interest to defendant William F. Ostrowski.

### PARTIES

1.    Plaintiff Michael Ostrowski ("Michael") is a Massachusetts citizen residing at 94 Miller Street, Ludlow, Massachusetts.

2.    Defendant William F. Ostrowski ("William") is an individual residing at 4007 Ashton Villa Court, Sugarland, Texas.

### FACTS RELEVANT TO ALL CLAIMS

3.    In or about early 2006, Michael's mother Jane Ostrowski ("Jane") purchased for herself solely as a secondary residence in Florida by acquiring for the sum of $100,000 a cooperative proprietary lease of the premises known as Apartment 126 at 3600 N. Ocean Drive,

Riviera Beach, Florida ("the Property") and Membership Certificate No. 126 of the original
corporate owner. Jane continued to live primarily at her home in Ludlow, Massachusetts.

    4.    In order to defray the cost of her interest in the Property, Michael paid Jane (who
had been widowed in 1986) the sum of $33,000. Upon receipt of the second installment of those
funds in 2006, Jane granted Michael a one-third interest in the Property. See Exhibit A attached
hereto and incorporated herein by reference.

    5.    Jane told Michael that the Property would be effectively owned jointly by
Michael, William and Peter during her lifetime, and that, upon her death, title to the Property
would pass to Michael, William and Peter, to be held jointly as the brothers deemed appropriate.

    6.    Jane was feeble and largely incapacitated for a period of some years before her
death in 2020. In June 2015, Jane suffered a severe stroke and was hospitalized and eventually
moved to a rehabilitation facility.

    7.    On or about July 28, 2015, Jane was, and had been, an inpatient resident at the
Ludlow, Massachusetts rehabilitation facility owned and operated by Health South, Inc. Jane
subsequently moved from this Health South facility to become a long-term resident of Life Care,
a skilled nursing facility in Wilbraham, Massachusetts, where she resided when she died.

    8.    On July 28, 2015, while Jane was in the Health South facility in Ludlow,
Massachusetts, William convinced Jane to sign an Assignment of Cooperative Proprietary Lease
by which Jane purportedly assigned to herself and William as "Joint Tenants with Full Right of
Survivorship," all interest in the Property (the "Assignment").

    9.    That is, William convinced Jane to assign all interest in the Property in such a
way that William alone was Jane's Joint Tenant and would take the Property by operation of law

2

upon her death, in contradiction to prior expressions of Jane's intention, including those that Michael is informed and believes are stated in her will.

10.  In doing so, upon information or belief, William either misrepresented his own intention to take ownership of the Property without Michael having an interest, or took advantage of 85 year-old Jane's diminished physical, mental and emotional condition for conveying the Property only to herself and William, or both.

11.  Jane's signature was purportedly notarized on the Assignment by Peter's wife, Lorri Ostrowski.

12.  Jane died on May 1, 2020. William is Jane's personal representative with respect to her estate, and has not provided a copy of Jane's will to Michael.

13.  Following Jane's death, Michael asked William on several occasions to formalize or otherwise document what he understood to be the three brothers' joint interests in the Property and to discuss his brothers' intentions regarding sale or continued ownership. William and Peter consistently rebuffed those inquiries without substantive answers.

14.  In or about late 2020, Michael discovered the facts set forth in Paragraph 8 through 11 above by obtaining a copy of the 2015 assignment purportedly signed by Jane and related documents.

15.  After his discovery, Michael continued to request, and subsequently demand, that William "fix" the record ownership of the Property so that Michael's intended interest was recognized or that William and Peter buy Michael's intended interest in the Property.

16.  Despite such requests and demands, William has refused to acknowledge his mother's wishes, Michael's intended interest in the Property, or Michael's rights in the Property.

3

17.     Since 2015, Michael has contributed one-third of certain expenses related to maintenance and repair of the apartment, and William and Peter collectively have paid the remaining two-thirds.

18.     Michael has also been credited with one-third of any rental income derived from use of the Apartment by third parties, which amounts have been applied to expenses.

19.     William and Peter have admitted to Michael and to others that each of the three brothers holds a one-third equitable interest in the Apartment.

## FIRST CAUSE OF ACTION
### (Conversion)

20.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21.     By his conduct, William has intentionally and wrongfully exercised ownership of, control or dominion over property interests that should be Michael's and to which William has no right.

22.     As a result of his conduct, Michael is entitled to recover substantial damages including in the amount of the fair market value of a one-third interest in the Property, plus interest.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)

23.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24.     As her son purporting to act as her financial adviser and in her best interests, William owed a fiduciary duty to Jane.

4

25.     By the conduct described above and in failing to accomplish Jane's wishes with respect to the Property, William breached that fiduciary duty and committed elder abuse.

26.     As an heir and devisee of Jane, Michael has been substantially damaged as a proximate result of William's breach in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### (Misrepresentation)

27.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26 above.

28.     Upon information and belief, William misrepresented to Jane in order to convince her to sign the Assignment that he would see that Jane's intent regarding ownership of the Property by all three siblings would be accomplished.

29.     At the time he made that representation, William knew it to be false and had no intention of accomplishing his mother's intent regarding the Property.

30.     As an heir and devisee, Michael has been substantially damaged as a proximate result of William's conduct, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (Recission)

31.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 above.

32.     As a result of the conduct of William, which constituted elder abuse, Jane was induced to sign the Assignment by misrepresentation or undue influence of William at a time when she lacked sufficient capacity.

33.     As a result of the undue influence that resulted in execution of the Assignment, the Assignment should be rescinded.

5

WHEREFORE, plaintiff Michael S. Ostrowski demands judgment in his favor and an award of:

    a. Rescission of the Assignment;

    b. Damages;

    c. Interest;

    d. Attorney's Fees and Costs; and

    e. Such other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims so triable.

The Plaintiff,
MICHAEL S. OSTROWSKI,
By His Attorney:

Dated: January 18, 2023

Kevin C. Maynard, BBO No. 550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, MA 01115-5507
Tel. (413) 272-6244
Fax (413) 707-1746
kmaynard@bulkley.com

3708899

6

# EXHIBIT A

May 31, 2006

Received from Michael Ostrowski, twenty- thousand dollars ($20,000) for final payment
of one third interest in 3600 North Ocean Drive, Riviera Beach, Florida.

*Jane H Ostrowski*

Jane Ostrowski

---

Michael S. Ostrowski
Marilynn Ostrowski
94 Miller Street
Ludlow, MA 01056

Date 5-30-06

53-8598/2118

3265

Pay to the
Order of: *Jane Ostrowski*                    $ 20,000.00

*Twenty thousand dollars · 00/xx* ——————— Dollars

Freedom Credit Union
Committed to our foundation

1976 Main Street
Springfield, MA
(413) 739-6961
(800) 821-0160

Memo *remainder 3600 N Ocean* #156 F11

*Michael Ostrowski*

⑆211885988⑆  ⑆012004243411⑆  3265

© 2000 LIBERTY ENTERPRISES