UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL S. OSTROWSKI,

          Plaintiff,

v.

WILLIAM F. OSTROWSKI,
          Defendant.

Civil Action No. 3:23-cv-30018-KAR

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS
(Dkt. No. 10)

In this diversity suit, Plaintiff Michael S. Ostrowski ("Michael" or "Plaintiff") alleges that his brother, William F. Ostrowski ("William" or "Defendant"), wrongly deprived him of one-third interest in a property previously owned by their now-deceased mother. Presently before the court is Defendant's motion to dismiss Plaintiff's complaint on three grounds: (1) the complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); (2) the complaint fails to comply with the requirement of Fed. R. Civ. P. 9(b) that a party alleging fraud or mistake state with particularity the circumstances constituting the fraud or mistake; and (3) the complaint fails to name a necessary and indispensable party pursuant to Fed. R. Civ. P. 12(b)(7) and 19 (Dkt. No. 10). The parties have consented to this court's jurisdiction (Dkt. No. 17). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the following reasons, the motion is DENIED.

    **I.**    **Background**

        A.   <u>Scope of the Record</u>

When considering a Rule 12(b)(6) motion to dismiss, "a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto, or else convert the motion

1

into one for summary judgment." *Douglas v. Hirshon*, 63 F.4th 49, 57 (1st Cir. 2023) (quoting *Freeman v. Town of Hudson*, 714 F.3d 29, 35-36 (1st Cir. 2013)). "However, courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (citations omitted). By contrast, where a party moves for dismissal based on a claimed failure to join a necessary party as required by Rule 19, "'a court is "not limited to the pleadings" and may consider "other relevant extra-pleading evidence."'" *J & J Sports Prods., Inc. v. Cela*, 139 F. Supp. 3d 495, 499 (D. Mass. 2015) (quoting *Phoenix Ins. Co. v. Delangis*, Civil Action No. 14-10689-GAO, 2015 WL 1137819, at *2 (D. Mass. Mar. 13, 2015)).

Here, William submitted an affidavit attesting to the authenticity of the following three documents in support of his motion to dismiss: (1) a certified copy of an Assignment of Cooperative Proprietary Lease, Consent to Assignment and Agreement to Perform, and Acceptance by Assignees Jane Ostrowski and William F. Ostrowski, which was recorded in Palm Beach County, Florida, on September 2, 2015 ("the Assignment");[1] (2) the by-laws of "The Villas On The Ocean No. 1, Inc.;" and; (3) a 2022 property tax bill for Unit #126 of Villas On The Ocean No. 1 located in Palm Beach County, Florida (Dkt. No. 11-1). At oral argument, William indicated that the supplementary materials were submitted solely in support of the Rule 19 argument. However, one of William's asserted grounds for dismissal pursuant to Rule 12(b)(6) is that Michael's claims are untimely, an argument that depends on the factual representation that the Assignment was publicly recorded on September 2, 2015. While the

---

[1] According to William's affidavit, the Assignment was recorded on September 5, 2015 (Dkt. No. 11-1 at ¶ 1), but the document itself reflects that it was recorded on September 2, 2015 (Dkt. No. 11-2 at 3). This discrepancy is of no consequence to the analysis or outcome of the motion.

Assignment document from the Palm Beach County, Florida Registry of Deeds was not attached as an exhibit to the complaint, Michael does not contest its authenticity, he referred to it in his complaint, and it is an official public document. Thus, it may properly be considered in connection with William's 12(b)(6) argument. *See Roberts v. Islam*, Civil Action No. 14-12288-MPK, 2015 WL 13286824, at *3 n.5 (D. Mass. May 20, 2015) (noting that documents from the Suffolk County Registry of Deeds that the defendant submitted in support of a motion to dismiss could be considered because the complaint's factual allegations were linked to them and they were official public documents). As to the remaining two documents – the by-laws and property tax bill – neither fit into the narrowly crafted exceptions, and the court limits its consideration of these materials to William's Rule 19 argument.

      B.  <u>Factual Allegations</u>

In early 2006, Michael and William's mother, Jane Ostrowski ("Jane"), purchased a residence in Florida for the sum of $100,000, by acquiring a cooperative proprietary lease of the premises known as Apartment 126 at 3600 N. Ocean Drive, Riviera Beach, Florida ("the Property") and Membership Certificate No. 126 of the original corporate owner (Dkt. No. 1-3 ("Compl.") ¶ 3). To help offset the cost, Michael paid Jane $33,000 over two installments (Compl. ¶ 4). On May 31, 2006, Jane signed the receipt for the final installment of $20,000, which expressly stated that the payment was the "final payment of one third interest in [the Property]" (Compl. ¶ 4, Ex. A). Jane told Michael that, during her lifetime, the Property would be effectively owned jointly by Michael, William, and their third bother, Peter Ostrowski ("Peter"). Upon her death, title to the Property would pass to Michael, William, and Peter to be held jointly as they saw fit (Compl. ¶ 5). Having purchased the Property as a secondary

residence, Jane continued to live primarily in her residence located in Ludlow, Massachusetts (Compl. ¶ 3).

In June 2015, Jane suffered a severe stroke (Compl. ¶ 6). She was hospitalized and subsequently moved to Health South, Inc., a rehabilitation facility located in Ludlow, Massachusetts, as an inpatient resident. On or around July 28, 2015, Jane was moved to Life Care nursing facility located in Wilbraham, Massachusetts, as a long-term resident (Compl. ¶ 7). Sometime during that year, Michael, William, and Peter each began contributing one-third of the expenses related to the maintenance and repair of the Property (Compl. ¶ 17). Michael also began to be credited one-third of the rental income derived from the Property (Compl. ¶ 18).

On July 28, 2015, while Jane was at Health South, she signed the Assignment, which granted Jane and William joint interest in the Property as "Joint Tenants with Full Right of Survivorship" (Compl. ¶ 8). According to Michael, William convinced Jane to sign the Assignment by misrepresenting his own intention to take ownership of the Property, or by taking advantage of Jane's diminished physical, mental, and emotional condition, or both (Compl. at ¶ 10). The Assignment and William and Jane's signatures were notarized by Peter's wife, Lorri M. Ostrowski (Compl. ¶ 11).

On May 1, 2020, Jane died, leaving William as the estate's personal representative (Compl. ¶ 12). After Jane's death, Michael learned of the Assignment when he obtained a copy from his attorneys after William refused his repeated requests to show him Jane's will (Compl. ¶ 14). On January 18, 2023, Michael brought the instant action in state court (Dkt. No. 1 at ¶ 1). Michael asserted four causes of action against William: conversion, breach of fiduciary duty, misrepresentation, and recission (Compl. ¶¶ 20-33). On February 17, 2023, William removed the complaint to this court based on the parties' diversity (Dkt. No. 1).

## II.        Applicable Legal Standards

### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard invites a two-step pavane." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (citing *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 45 (1st Cir. 2012)). First, the court "'must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Second, the court "must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Morales-Cruz*, 676 F.3d at 224 (internal quotation marks omitted)).

### B. Fed. R. Civ. P. 9(b)

Rule 9(b) provides that when a party alleges fraud or mistake, the complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P 9(b). "[A] claimant must specify 'what the underlying misrepresentation was, who made it, and when and where it was made.'" *Katz v. Belveron Real Estate Partners, LLC*, 28 F.4th 300, 308 (1st Cir. 2022) (quoting *Khelfaoui v. Lowell Sch. Comm.*, 496 F. Supp. 3d 683, 689 (D. Mass. 2020)). The requirements of Rule 9(b) apply to general claims of fraud, as well as to "associated claims

where the core allegations effectively charge fraud." *North Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 15 (1st Cir. 2009).

    C. <u>Fed. R. Civ. P. 12(b)(7)</u>

A party may move for dismissal pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a required party under Rule 19. The question of whether a party is indispensable involves a two-part inquiry – the absent party must be both "necessary" under Rule 19(a) and "indispensable" to the disputed action under Rule 19(b). *United States v. San Juan Bay Marina*, 239 F.3d 400, 405 (1st Cir. 2001) (citing *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 n.2 (1st Cir. 1998)). A person is "necessary" if the court is unable to provide complete relief without joining that party. Fed. R. Civ. P. 19(a). Alternatively, a person is "necessary" if that person claims such in interest in the subject of the action that proceeding without that person may "as a practical matter impair or impede that person's ability to protect the interest," or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). The interest claimed must be a "legally protected interest" relating to the subject matter of the action. *San Juan Bay Marina*, 239 F.3d at 406. If a party is necessary, the court must determine whether "in equity and good conscience, the action should proceed" without the absent party or be dismissed based on four criteria set forth in Fed. R. Civ. P. 19(b). *See also Jiménez v. Rodríguez-Pagán*, 597 F.3d 18, 25 (1st Cir. 2010). The party seeking dismissal under Fed. R. Civ. P. 12(b)(7) "'carries the burden of showing why an absent party should be joined.'" *Plymouth Yongle Tape (Shanghai) Co., Ltd. v. Plymouth Rubber Co., LLC*, 683 F. Supp. 2d 102, 112 (D. Mass. 2009) (quoting *Raytheon Co. v. Cont'l Cas. Co.*, 123 F. Supp. 2d 22, 32 (D. Mass. 2000)).

### III.     Discussion

#### A.   Statute of Limitations

William argues for dismissal under Fed. R. Civ. P. 12(b)(6) on the ground that Michael's claims are barred by the statute of limitations. "[A] federal court sitting in diversity must apply the relevant state's statute of limitations, including its accrual rules." *Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 205 (1st Cir. 2015). Pursuant to Mass. Gen. Laws ch. 260 § 2A, tort actions have a three-year statute of limitations. *See* Mass. Gen. Laws ch. 260, § 2A ("Except as otherwise provided, actions of tort … shall be commenced only within three years next after the cause of action accrues."). William's claims of conversion, breach of fiduciary duty, and misrepresentation all sound in tort and, thus, are subject to this three-year limitations period. *See Int'l Strategies Grp., Ltd. v. Greenberg Traurig, LLP*, 482 F.3d 1, 14 (1st Cir. 2007) (applying Mass. Gen. Laws ch. 260, § 2A to claims of conversion and breach of fiduciary duty); *Tagliente v. Himmer*, 949 F.2d 1, 4 (1st Cir. 1991) (same with respect to a claim for fraudulent misrepresentation). Generally, a tort claim accrues, and the statute of limitations starts to run, when the plaintiff is injured. *See Town of Princeton v. Monsanto Co., Solutia Inc.*, 202 F. Supp. 3d 181, 187 (D. Mass. 2016) (citing *Taygeta Corp. v. Varian Assocs., Inc.*, 763 N.E.2d 1053, 1063 (Mass. 2002)).

Under Massachusetts law, however, when a plaintiff alleges an "inherently unknowable" injury, the so-called discovery rule may apply. *Id*. (citing *Taygeta*, 763 N.E.2d at 1063). If a plaintiff could "not reasonably ascertain the injury or breach at the time it occurred, his cause of action accrues when the plaintiff knows or should know that he has suffered appreciable harm resulting from the defendant's actions." *Szymanski v. Boston Mut. Life Ins. Co.*, 778 N.E.2d 16, 20 (Mass. App. Ct. 2002) (citing *Schwartz v. Travelers Indem. Co.*, 740 N.E.2d 1039, 1044

(Mass. App. Ct. 2001)); *see also Friedman v. Jablonski*, 358 N.E.2d 994, 997 (Mass. 1976) (applying the discovery rule to a claim of misrepresentation in connection with the sale of real estate). "'A wrong is inherently unknowable if it is incapable of detection through the exercise of reasonable diligence.'" *McCrohan v. Sandulli Grace, P.C.*, 369 F. Supp. 3d 324, 333-34 (D. Mass. 2019) (quoting *First Choice Armor & Equip., Inc. v. Toyobo Am., Inc.*, 717 F. Supp. 2d 156, 160 (D. Mass. 2010)). When the discovery rule applies, "'a cause of action accrues when the plaintiff discovers or with reasonable diligence should have discovered that (1) he [or she] has suffered harm; (2) his [or her] harm was caused by the conduct of another; and (3) the defendant is the person who caused that harm.'" *Mahoney v. Wells Fargo Bank, N.A.*, Civil Action No. 18-11593-MBB, 2022 WL 1446934, at *7 (D. Mass. Mar. 25, 2022) (quoting *Harrington v. Costello*, 7 N.E.3d 449, 455 (Mass. 2014)). *See also Astellas Inst. for Regenerative Med. v. ImStem Biotechnology, Inc.*, 458 F. Supp. 3d 95, 106 (D. Mass. 2020) (explaining that, when the discovery rule applies, a tort cause of action accrues "'when a plaintiff discovers, or any earlier date when she reasonably should have discovered, that she has been harmed or may have been harmed by the defendant's conduct'" (quoting *Bowen v. Eli Lilly & Co.*, 557 N.E.2d 739, 741 (Mass. 1990))). The question is whether "sufficient facts were available to provoke a reasonable person in the plaintiff's circumstances to inquire or investigate further." *Astellas Inst.*, 458 F. Supp. 3d at 106 (quoting *McIntyre v. United States*, 367 F.3d 38, 52 (1st Cir. 2004)). "'Ultimately, the question of when a plaintiff should have known and when a plaintiff should have asserted her rights, are questions of fact ….'" *Id.* at 107 (quoting *Stanley v. Schmidt*, 369 F. Supp. 3d 297, 314-15 (D. Mass. 2019)). A motion to dismiss based on a statute of limitations can only be successful when "the pleader's allegations 'leave no doubt that an asserted claim is time-barred.'" *Gorelik v. Costin*, 605 F.3d 118, 121 (1st Cir. 2010) (quoting

8

*LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998)).  *See also Nisselson v. Lernout*, 469 F.3d 143, 150 (1st Cir. 2006) ("Dismissing a case under Rule 12(b)(6) on the basis of an affirmative defense requires that '(i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude.'" (quoting *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 12 (1st Cir. 2004))).

William argues that Michael's claims should be dismissed as untimely because the Assignment, signed in 2015, was recorded at the time of execution and was thereafter available for public inspection.  As a result, the argument continues, Michael's injury was not inherently unknowable, such that the statute of limitations accrued at the time of the Assignment, and Michael's filing of this lawsuit in 2023, more than seven years later, was untimely.  In response, Michael argues that he had no reason to suspect that he was injured in 2015, so the discovery rule applies to his claim, and he timely filed suit within three years of learning about the Assignment.

Taking the allegations in Michael's complaint as true and drawing all reasonable inferences in his favor, he has plausibly alleged that he did not know in 2015 that William had harmed him and that a reasonable person in his position would not have suspected his injury at the time.  *See Arcieri v. New York Life Ins. Co.*, 63 F. Supp. 3d 159, 164 (D. Mass. 2014) ("The 'inherently unknowable' standard is 'no different from, and is used interchangeably with, the "knew or should have known" standard.'") (quoting *Williams v. Ely*, 668 N.E.2d 799, 804 n.7 (Mass. 1996))).  Michael alleges that, in 2015, he began to contribute one-third of the funds necessary for repairs and maintenance on the Property and was credited with one-third of the rental income.  These alleged facts, if true, might have given Michael reason to believe that his

9

property interest was intact and that William was acknowledging that interest. "Application of the discovery rule ordinarily involves questions of fact and therefore, '"in most instances will be decided by the trier of fact."'" *Genereux v. Am. Beryllia Corp.*, 577 F.3d 350, 360 (1st Cir. 2009) (quoting *In re Mass. Diet Drug Litig.*, 338 F. Supp. 2d 198, 204 (D. Mass. 2004)). This is not a case where the complaint leaves no doubt that Michael's claims are time-barred. Accordingly, Michael's claims are not subject to dismissal on statute of limitations grounds.

B. <u>Breach of Fiduciary Duty</u>

Michael alleges in his complaint that William owed Jane a fiduciary duty when he purported to act as her financial advisor and that William breached that duty when he convinced Jane to sign the Assignment. For purposes of his motion to dismiss, William does not contest that he owed a fiduciary duty to Jane, but he argues that Michael's claim for breach of that duty is nonetheless subject to dismissal because Michal has no standing to assert the claim. For his part, Michael relies on Mass. Gen. Laws ch. 230, § 5 as providing him with a basis to assert the claim on behalf of Jane's estate.

Under Massachusetts law, an action that survives the death of the claimant generally may be commenced only by the executor or the administrator of the decedent's estate. *See* Mass. Gen. Laws ch. 230 § 1. There is, however, an exception that allows an interested heir or legatee to bring an action to enforce a claim in favor of an estate if the executor or administrator refuses to bring such an action at the request of the heir or legatee or is unable to do so by reason of his interest. Specifically, Mass. Gen. Laws ch. 230 § 5, provides:

> It shall be unnecessary to remove an executor or administrator in order that an action to enforce a claim in favor of the estate may be brought by an administrator to be appointed in his place, when he refuses to bring such action at the request of an heir, legatee or creditor, or is unable to do so by reason of his interest or otherwise, but an heir, legatee or creditor having an interest in the enforcement of any such claim may bring a civil action to enforce it for the benefit of the estate in

10

like circumstances and in like manner as a person beneficially interested in a trust fund may bring an action to enforce a claim in favor of such fund, and in case of such action in respect to real estate, it shall not be an obstacle to the action that a license to sell it has not been obtained by the executor or administrator.

Michael is an heir under the statutes of intestate succession of property, s*ee* Mass. Gen. Laws ch. 190B, § 1-201 (21) (defining "heirs" as persons "who … are entitled under the statutes of intestate succession to the property of a decedent"), and, if Jane executed a will, may be a legatee. Michael has alleged that he paid his mother for a one-third interest in the Property and that Jane represented to him that he would be a one-third owner of the Property on her death (Compl. ¶¶ 4-5). There is authority to support that this expectation is sufficient to establish that Michael has an interest in enforcement of his claim, and William has not argued otherwise. *See Schleifstein v. Greenstein*, 401 N.E.2d 379, 382 (Mass. App. Ct. 1980) (reviewing a judgment in a case brought pursuant to Mass. Gen. Laws ch. 230, § 5 by a plaintiff on behalf of her mother's estate against her sister and brother-in-law for breach of fiduciary duty arising from their alleged exploitation of their personal relationship with the deceased to thwart her intention to leave her estate to her three daughters in equal shares). Further, Michael alleges that William is Jane's "personal representative with respect to her estate" (Compl. ¶ 12). That William is the defendant in the instant action and that the complaint alleges wrongdoing by him sufficiently alleges that he is "unable" to bring the action "by reason of his interest." *See Walsh v. Mullen*, 50 N.E.2d 1, 3 (Mass. 1943). *See also Harhay v. Starkey*, Civil Action No. 08-CV-30229-MAP, 2010 WL 1904874, at *6 (D. Mass. May 10, 2010) ("Massachusetts law provides that where, as here, the fiduciary of an estate is herself a defendant against whom specific wrongdoing has been alleged, actions by heirs, legatees and others with 'an interest in the enforcement' of such a claim are favored."). Thus, it appears that Michael has adequately alleged a basis for a breach of fiduciary claim against William pursuant to Mass. Gen. Laws ch. 230, § 5.

At the hearing on William's motion to dismiss, he contended that the statute does not apply because there was no probate proceeding filed following Jane's death. The Supreme Judicial Court held in *Heavey v. Maloof*, 901 N.E.2d 665, 668 (Mass. 2009), that an heir or legatee cannot proceed on behalf of an estate pursuant to the statute unless an executor or administrator has been formally appointed. However, the Massachusetts Appeals Court distinguished the *Heavey* case in *Aleksov v. Aleksov*, 174 N.E.3d 332, at *3-4 (Mass. App. Ct. 2021) (unpublished), holding that the restriction in *Heavey* does not apply to a claim that "involves real property, title to which 'passes to heirs at law on death of an owner.'" *Id.* at *4 (quoting *Heavey*, 901 N.E.2d at 669 n.7). Thus, the allegations in the complaint do not support dismissal for lack of standing as a matter of law on the pleadings. Drawing all reasonable inferences in Michael's favor, the complaint alleges facts supporting Michael's standing to state claims for an asserted interest in real property.

    C. Misrepresentation

"'Under Massachusetts law, a claim for misrepresentation entails a false statement of material fact made to induce the plaintiff to act and reasonably relied upon by him to his detriment.'" *Crosby Legacy Co., LLC v. TechnipFMC plc*, C.A. 18-10814-MLW, 2021 WL 4452867, at *4 (D. Mass. Sep. 29, 2021) (quoting *Rodi*, 389 F.3d at 13). The statements relied upon must be factual, not of "'expectation, estimate, opinion, or judgment.'" *Id.* at *4 (quoting *Rodowicz v. Mass. Mut. Life Ins. Co.*, 192 F.3d 162, 175 (1st Cir. 1999)). Generally, a trial court dismisses a claim of misrepresentation at this stage of a case "'only if the plaintiff's factual averments hold out no hope of recovery on any theory adumbrated in [his] complaint.'" *Rodi*, 389 F.3d at 13 (quoting *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)). Nonetheless, pursuant to Fed. R. Civ. P. 9(b), a complaint must specify the time, place, and

content of an alleged false representation "sufficiently to put [a] defendant[] on notice and enable [him] to prepare meaningful responses." *OrbusNeich Med. Co., Ltd., BVI v. Boston Sci. Corp.*, 694 F. Supp. 2d 106, 118 (D. Mass. 2010). While "evidence and detailed facts are not required," even allegations based on information and belief must set forth "supporting facts on which the belief is founded." *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir.1985) (citing *Wayne Inv., Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13 (1st Cir.1984); *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972)).

William seeks dismissal of the misrepresentation claim on the basis that Michael's allegations do not meet the pleading requirements of Fed. R. Civ. P. 9(b).[2] Michael argues that he has sufficiently alleged, on information and belief, that, on July 28, 2015, when William induced Jane to sign the Assignment, he either falsely advised her that the Assignment would not interfere with her sons' joint ownership of the Property or took advantage of her diminished mental capacity to gain sole ownership of the Property. Michael maintains that he has sufficiently stated a claim and is entitled to proceed to discovery with respect to other witnesses who were present when Jane signed the Assignment, including Lorri Ostrowski.

Michael's misrepresentation claim, while thin, is not subject to dismissal for failure to meet the pleadings standard of Fed. R. Civ. P. 9(b). Michael alleges in his complaint that, in convincing Jane to sign the Assignment on July 28, 2015, William misrepresented his own intention to take sole ownership of the Property (Compl. ¶ 10), and that "William misrepresented to Jane in order to convince her to sign the Assignment that he would see that Jane's intent

---

[2] William also argues that Michael does not have standing to bring the misrepresentation claim. However, the court's conclusion that Michael has plausibly alleged facts establishing his standing to bring the breach of fiduciary duty claim under Mass. Gen. Laws ch. 230, § 5 is equally applicable to the misrepresentation claim.

13

regarding ownership of the Property by all three siblings would be accomplished" (Compl. ¶ 28). Thus, Michael alleges that William made the misrepresentation, i.e., the who; did not reveal his intention to take sole ownership of the Property, i.e., the what; on July 28, 2015, i.e., the when; and at the Health South Facility, i.e., the where. The supporting facts on which the information and belief are founded, as set forth in Michael's complaint, consist of Jane's statements to Michael that she wanted the three brothers to own the Property jointly after her death, as well as William's acknowledgements to Michael and others that Michael holds a one-third interest in the Property. Because these allegations are grounded in fact and are sufficient to enable William to prepare a meaningful defense, they meet the Fed. R. Civ. P. 9(b) requirement of specificity for allegations of fraud and are not subject to dismissal.

D. <u>Failure to Name a Necessary and Indispensable Party</u>

Finally, William argues that Michael's claim for recission should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) because Michael did not name Villas on the Ocean No. 1 ("Villas") as a defendant, and Villas is a necessary and indispensable party under Fed. R. Civ. P 19.[3] Pursuant to Fed. R. Civ. P. 19(a), a party is necessary if: (1) the court is unable to provide complete relief without joining that party; (2) that person or entity claims such in interest in the subject of the action that proceeding without them may "as a practical matter impair or impede that person's ability to protect the interest;" or (3) that person claims such an interest in the subject of the action that proceeding without them may "leave an existing party subject to a substantial risk of

---

[3] William also seems to suggest that the owners of the other units of the condominium complex, as members of the cooperative, are necessary and indispensable. However, he has not developed this argument, and, therefore, the court will not address it. *See Duggan v. Martorello*, 596 F. Supp. 3d 195, 204 n.7 (D. Mass. 2022) ("'[A]rguments raised only in a … perfunctory manner are waived.'" (quoting *Nat'l Foreign Trade Council v. Natsios*, 181 F.3d 38, 60 n.17 (1st Cir. 1999)).

incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).  According to William, all three of these factors apply in the case of Villas.

In support of his argument, William notes that the Assignment includes a "Consent to Assignment and Agreement to Perform," which states that Villas approved the Assignment:

> upon the express condition and understanding that it shall in no way be construed as a Waiver or Release of any rights which VILLAS … has or may have under the Proprietary Lease covering said Apartment No. 126, Building C- and its By-Laws and particularly the right to approve and/or disapprove and reject any future proposed Purchaser(s), Lessee(s), it being specifically understood and agreed that VILLAS … shall continue to have the same rights and authority which it would have if the Proprietary Lease and Membership Certificate covering said Apartment No. 126 continued in the name of the original Lessee.

(Dkt. No. 11-2 at 5).  The referenced by-laws for the corporation grant the Board of Directors certain rights concerning the transferability and subleasing of the Property for the benefit of the Corporation and members of the cooperative.  Specifically, the Board of Directors must approve every transfer of the right of occupancy under the proprietary lease, which right extends to subleasing by resident or equity members.  William claims that a court order rescinding the Assignment would interfere with these rights.

As the moving party, William bears the burden of proving that Villas is both necessary and indispensable.  *Dmitriev v. Mann*, 597 F. Supp. 3d 484, 492 (D. Mass. 2022) (citing *Ferrofluidics Corp. v. Advanced Vacuum Components, Inc.*, 789 F. Supp. 1201, 1208 (D.N.H. 1992)).  He fails to meet this burden.  If the court were to grant Michael the equitable remedy of recission, ownership of the Property would revert to Jane's estate.  This interest would then pass in the same way – with Villas having the same rights and obligations – as if the Assignment had never occurred.  William fails to explain how this eventuality would prevent the court from affording Michael and William complete relief in Villas' absence, impair or impede Villas'

ability to protect its interest, or subject William to inconsistent obligations, as required by Rule 19. Thus, William has not shown that Villas is a necessary party to this litigation pursuant to Rule 19(a). A Rule 19(b) inquiry is, therefore, unnecessary. *Montes-Santiago v. State Ins. Fund Corp.*, 600 F. Supp. 2d 339, 342 (D.P.R. 2009) ("'If the threshold requirements of Rule 19(a) are not met, then a Rule 19(b) inquiry is unnecessary.'" (citing *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990))).

### IV.     Conclusion

For the above-stated reasons, Defendant's motion to dismiss (Dkt. No. 10) is DENIED. The Clerk's Office is directed to set a date for a scheduling conference pursuant to Fed. R. Civ. P. 16(b).

It is so ordered.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  November 20, 2023